*393
 
 Pearson, J.
 

 Tenants in common in possession are entitled to partition, as a matter of right; and, “where it appears to the satisfaction of the Court, that actual partition cannot be made without injury to some or all of the parties interested” this Court will decree a sale for the purpose of partition. The four plaintiffs are each entitled to one undivided fourth part of an undivided third part of three acres of land, upon which is situate a valuable grist and saw mill, a cotton gin, store house, &c. It is self-evident almost, that an actual partition cannot be made without injury to them, and the proof clearly satisfies us, that a sale is necessary, and that an actual partition is impracticable, without injury to the defendants, as well as the plaintiffs. Under these circumstances it is against conscience for the defendants to resist a sale, and the opposition made by them gives ground for the inference, that their object is to compel the plaintiffs to sell out to them for less than could be obtained if the whole is sold. This is an advantage that equity will not allow a tenant in common to take of his co-tenants.
 

 It was urged in the argument, that partition could only be made by tenants in common, who were seized of the freehold and not by such as have a remainder or reversion after an estate for life. This position is true, when the life estate extends to all of the premises.
 
 Coke
 
 Lit. 167,
 
 a.,
 
 as to the writ of partition by co parceners at common law, the benefit of which writ is extended to joint tenants and tenants in common by 31 and 32 Henry VIII, and the same principle is applicable to the proceedings for partition undeg, our law, Rev. Stat. Ch. 85, Sec. 1, where an entry and survey by the commissioners is provided for. But the widow’s right to dower, would be no impediment to partition by sale, for she is authorized to join in the application and take one third of the proceeds, of the sale for life, Rev. Stat. ch. 85, see. 11. Whether,
 
 *394
 
 if dower be assigned by metes and bounds, it will be an impediment to partition of that kind, need not now be decided, for in this case dower has been assigned by giving, to the widow one third of the nett profits, thus leaving the possession and seizure of all the land in the plaintiffs and defendants as tenants in common.
 

 This opinion will be certified to the Court below. The defendants must pay the costs of this Court.
 

 Per Curiam.
 

 Ordered accordingly.